'IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PROMINENCE HOMES AND COMMUNITIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF ZONING AND ADJUSTMENTS OF THE CITY OF ORANGE BEACH, ALABAMA, <br><br> Defendant. | CIVIL ACTION NO.: 1:21-cv-00456-KD-M |

## AMENDED ANSWER TO PLAINTIFF'S
## SECOND AMENDED COMPLAINT

Come now the Defendants, City of Orange Beach, Alabama and the non-entity Board of Zoning and Adjustments of the City of Orange Beach, Alabama, and answer the correspondingly numbered allegations of the Plaintiff's Second Amended Complaint as follows:

1. Upon information and belief, admitted.

2. The Defendants admit that the City of Orange Beach, Alabama is a municipal corporation, organized under the laws and pursuant to the Constitution of the State of Alabama. The City further admits that it has properly adopted the Zoning and Land Use Ordinance applying to property located within the City's corporate limit.

3. The Defendants admit that it has adopted Article 16, "Tree Protection and Landscaping" as a portion of its Zoning Ordinance.

4. The Defendants admit that Sunset Villas is located within the corporate limits of the City of Orange Beach and admit that the Plaintiff is challenging the application of the tree

ordinance as it concerns certain portions of the subdivision known as "Sunset Villas". The Defendants specifically deny that the Plaintiff is entitled to any relief as it concerns application of the tree ordinance.

5. Denied as stated. The Defendants admit that the City has adopted tree protection and landscaping provisions within their Zoning Ordinance. The Defendants further admit that Plaintiff accurately cites a portion of 16.02A. The Defendants further admit that the tree ordinance applies to private property within the City "unless exempted by law."

6. The Defendants admit that the Plaintiff accurately cites the definition of heritage tree as contained in Section 16.03 of the Zoning Ordinance.

7. The Defendants admit that the first paragraph of Section 16.05 of the Zoning Code states, "before commencing any clearing or construction and simultaneously with the site plan review application, the applicant shall submit a landscape plan pursuant to this Article." Further, sub-letter A of that provision indicates several requirements and information necessary for inclusion in the landscape plan. One of those requirements is "a tree survey showing the location, species and size of all on-site protected trees and off-site protected trees within twenty-five (25) feet of proposed construction and earth work." Furthermore, Section 16.07 concerns the protection of trees and tree preservation. In pertinent part, it provides "every reasonable effort shall be made to retain existing protected trees on a project site." While the provisions of this paragraph accurately cite portions of the Code, it fails to cite or quote any provisions concerning tree removal and the application and enforcement procedures. Article 16 and the entirety of the City of Orange Beach Zoning Ordinance speak for itself.

8. Denied as stated. Article 16 of the City of Orange Beach Zoning Ordinance speaks for itself.

9. Upon information and belief, admitted.

10. Upon information and belief, the Defendants admit that in 2018 the City approved a PUD modification amending the PUD from a condominium development to a forty-four (44) lot residential subdivision.

11. Denied.

12. The City admits that an amendment to the PUD was approved, allowing Sunset Villas to become a forty-four lot residential subdivision. The Defendants deny the rest of these allegations and demand strict proof thereof.

13. The Defendants admit that the Planning Commission approved Sunset Villas subdivision. The Defendants deny the remaining portions of these allegations and demand strict proof thereof.

14. The Defendants do not have sufficient information to admit or deny this allegation and thus deny this allegation and demand strict proof thereof.

15. The Defendants admit that on or about March 19, 2020 the representative for the City of Orange Beach Planning Commission approved the single page plat for recording in the Office of Probate Court in Baldwin County, Alabama.

16. The Defendants adopt by reference its answer to allegation number 15 above and admit that on or about that date the plat was filed with the Judge of Probate in Baldwin County, Alabama.

17. Upon information and belief, admitted.

18. The Defendants admit that as it concerns Lots 4, 13 and 14, the Plaintiff was notified that the site plans did not comply with the City of Orange Beach Zoning Ordinance, inasmuch as it impacted heritage trees located on the lots or immediately adjacent to the lots.

The Defendants deny the remaining portions of this allegation and demand strict proof thereof.

19. The Defendants admit that the Plaintiff was notified it could seek relief from the requirements of the tree ordinance pursuant to the terms of the City of Orange Beach's Zoning Ordinance. The Defendants further admit that the representative of the Plaintiff was notified of the requirements of the same. The Defendants deny the remaining portions of this allegation and demand strict proof thereof.

20. The Defendants admit that on April 14, 2021 a representative for the Plaintiff submitted a development permit application requesting multiple modifications which included removal of the two (2) heritage trees. The Defendants deny the remaining portions of this allegation and demand strict proof thereof.

21. The Defendants admit that on or about May 18, 2021 a public hearing was held on the request to amend the Zoning Ordinance for the PUD modification of the Plaintiff. The Defendants further admit that on that same date a first reading of the Ordinance was held with no action being taken. It was submitted for a second reading on June 8, 2021.

22. Admitted.

23. The Defendants sent representatives for Prominence Homes correspondence dated June 15, 2021, notifying them that their request to amend the City Zoning Ordinance had been denied. The Defendants deny the rest of this allegation and demands strict proof thereof.

24. Admitted.

25. To the extent this allegation realleges portions of the prior allegations in the Plaintiff's Complaint, the Defendants reassert their answers as set out herein.

26. Denied.

27. The Defendants admit that the Plaintiff accurately cites a portion of the tree

ordinance.

28. Denied.

29. Denied.

30. Denied.

31. To the extent this allegation realleges prior allegations made in the Plaintiff's Second Amended Complaint, the Defendants reassert their answers as set out herein.

32. The Defendants admit that the Plaintiff is bringing this claim under the stated provisions, but expressly deny that they are factually entitled to any action or claim for damages as alleged.

33. Please see answer to number 32 above.

34. Denied.

35. Denied.

36. Denied as stated.

37. Denied.

38. To the extent this allegation realleges prior allegations in the Plaintiff's Complaint, the Defendants reassert their answers as set out herein.

39. The Defendants admit that the Plaintiff is bringing the claim under the provisions cited, but expressly deny that they are factually or legally supported.

40. Denied as stated.

41. The Defendants admit that the Plaintiff correctly cites a portion of the City of Orange Beach Zoning Ordinance, but does not fully and completely provide all of the provisions concerning the government interests at stake.

42. Denied.

43. Denied.

44. Denied as state.

45. Denied.

46. To the extent that this allegation reavers prior allegations in the Plaintiff's Complaint, the Defendants reallege their answers as set out herein.

47. Denied.

48. Denied.

49. Denied.

50. The Defendants deny that the City of Orange Beach has undertaken any efforts which would require compensation.  As such, this allegation is denied.

51. Denied.

## PRAYER FOR RELIEF

A. The Defendants deny that the Plaintiff is entitled to the requested declaration.

B. The Defendants deny that the Plaintiff is entitled to the requested declaration.

C. The Defendants deny that the Plaintiff is entitled to the requested declaration.

D. The Defendants deny that the Plaintiff is entitled to a permanent injunction.

E. The Defendants deny that the Plaintiff is entitled to an award of attorney's fees, expert fees, costs and expenses.

F. The Defendants deny that the Plaintiff is entitled to any legal or equitable relief for the allegations in this Complaint.

## AFFIRMATIVE DEFENSES

1. This Complaint fails to state a claim against the Defendants upon which relief

may be granted.

2. At all material times regarding the allegations of this Complaint, the Defendants acted reasonably and in good faith.

3. There has been no regulatory taking or any other form of legally compensable taking.

4. The Defendants owed no duty to the Plaintiff under the circumstances described in this Complaint.

5. The Defendants assert the defense of qualified immunity.

6. The Defendants assert the defense of state agent immunity.

7. The Defendants assert the defense of discretionary function immunity.

8. The Defendants assert the defense of substantive immunity.

9. The Defendants assert the defense of sovereign immunity.

10. The Defendants claim the protection of all applicable statutory caps on damages.

11. The Defendants claim the benefit of all statutes and provisions in the common law conferring immunity or protection to governmental entities.

12. The Defendants assert that the Plaintiff's claims are due to be dismissed for failure to comply with the applicable statute of non-claims.

13. The Defendants assert that the Plaintiff's claims are barred based upon the applicable statute of limitations.

14. The Defendants assert the protections and benefits of Alabama Code §11-47-190 and 11-93-2.

15. The Defendants assert the defense of unclean hands.

16. Plaintiff's claims are barred by the doctrine of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, ratification, consent and acquiescence.

17. The Defendants assert the defense of legislative immunity.

18. The Defendants assert the defense of quasi legislative immunity.

19. The Defendants plead the affirmative defense of bar or abatement of the claims.

20. At all relevant times to the Complaint, the Defendants adhered to the relevant ordinance and regulations regarding the development of subdivisions and the amendment of the Zoning Ordinance.

21. The Defendants reserve the right to plead additional affirmative defenses as may be ascertained through the course of discovery in this case.

22. The Plaintiff may not seek or obtain punitive damages against Defendants under federal or state law.

23. The Defendants assert the defense of judicial immunity.

24. The Defendants assert the defense of quasi-judicial immunity.

s/ *Andrew J. Rutens*
ANDREW J. RUTENS  (RUT009)
arutens@gallowayllp.com
EDWARD T. OVERTON, SR. (OVE010)
toverton@gallowayllp.com
GALLOWAY, WETTERMARK
    & RUTENS, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH: (251) 476-4493  -  FX: (251) 479-5566
*Attorneys for City of Orange Beach, Alabama*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

D. Robert Stankoski, Jr., Esq.
Joshua P. Myrick, Esq.


*s/ Andrew J. Rutens*